**Victor VAN SANT, Appellant,**

v.

**UNITED STATES POSTAL SERVICES; U.S. Army Corps of Engineers and Merit System Protection Board, Appellees.**

**Victor VAN SANT, Appellee,**

v.

**UNITED STATES POSTAL SERVICES; U.S. Army Corps of Engineers and Merit System Protection Board, Appellants.**

Nos. 84–2387(L), 85–1007.

United States Court of Appeals, Fourth Circuit.

Submitted Aug. 12, 1986.

Decided Nov. 13, 1986.

Edward E. Wright, Washington, D.C. (Irving Starr, Arlington, Va., on brief), for appellant/cross-appellee.

Kevin B. Rachel (Lynn D. Poole, Stephen E. Alpern, Associate General Counsel, Washington, D.C., Elsie L. Munsell, U.S. Atty., Paul P. Newett, Asst. U.S. Atty., Alexandria, Va., on brief), for appellees/cross-appellants.

Before WINTER, Chief Judge, and WIDENER and WILKINSON, Circuit Judges.

HARRISON L. WINTER, Chief Judge:

In the fourth appeal in this case, we affirmed the district court's judgment finally terminating this litigation. After he unsuccessfully sought a writ of certiorari to review our judgment, Victor Howard Van Sant petitioned for an award of attorneys fees and expenses under the Equal Access to Justice Act in the total amount of $194,-162.47. We awarded $5,000.00 and Van Sant has moved for rehearing of this issue,

suggesting rehearing in banc. He argues that the award is manifestly inadequate and that we erred in not explicating the reasons to justify the allowance we made.

We deny rehearing, and no judge eligible to do so has requested a poll on the suggestion for rehearing in banc. We think that the award we made was proper,[1] and we decline to increase it. We state our reasons for the award herein.

This litigation has continued for fourteen years. It has been before us four times. While Van Sant made elaborate and extravagant claims of violation of his rights as a result of a reduction in force in the United States Postal Service during which his position as a planning architect was eliminated, in the last analysis he achieved only very limited success. He ultimately prevailed only on his claim that his notice of termination was premature and that he was entitled to compensation for the period October 12, 1971 (the effective date of his actual release) to December 7, 1971 (the earliest date on which we determined that his termination could be legally effective). He had sought recovery of $400,000–$500,000 and reinstatement. He was denied reinstatement, and his recovery was limited to approximately $5,600. Not only was his recovery small in the monetary sense, the litigation resulted in the establishment of no new significant principles of law that would be of aid to any other person except in the extraordinarily unlikely event that the facts surrounding Van Sant's claim would be duplicated.

At the same time, in a very limited sense, we think that Van Sant is a prevailing party within the meaning of the Act. As a result of the first appeal, it should have been apparent to the defendant that the only issue was a limited factual one which it was directed to develop. It was dilatory and delinquent in developing the facts, asserting without justification in the third appeal that the facts had been developed, and in asserting without justification, after we again required it to develop the facts, that they did not support the limited relief that Van Sant ultimately achieved.

Coupled with the very limited success achieved by Van Sant, we cannot blind ourselves to the frivolity of many of the arguments advanced by his counsel and the prolixity with which they were developed.[2] In our view, they were largely unnecessary and a substantial waste of counsel's time and our time in determining what little merit there was in Van Sant's case. We think also that his attempted direct appeal to us (the second appeal) from the decision of the Civil Service Commission was completely frivolous. Van Sant had already been through the process of application to the district court and appeal to us from its adverse decision. Notwithstanding a self-explanatory change in the applicable rules, he should have known well that he could not bypass the district court when he sought review the second time.

We have adverted to the excessiveness of counsel's production of paperwork. We think also that his claims for time expended are so grossly inflated that we can give them little credence. For example, for the last proceeding in the district court, counsel wants reimbursement for 419.6 hours. That proceeding consisted of preparation and filing of a complaint in a case with which counsel should have had intimate familiarity, a motion for summary judgment, with replies thereto, and a single oral argument. It is inconceivable that it required more than a fraction of the time claimed.

We are of course mindful that there need not be strict proportionality between the amount recovered and the fee awarded, *City of Riverside v. Rivera*, —— U.S. ——,

---

**1.** The government has steadfastly contended that petitioner was not a "prevailing party" in the litigation within the meaning of the Act and that the government's position was substantially justified.

**2.** A good example is his application for attorneys fees. It is a bound volume with thirty-nine pages of text and about double that quantity of exhibits. The time expended in preparing and the cost of duplicating this production are out of all proportion to the legitimate needs of the application.

106 S.Ct. 2686, 91 L.Ed.2d 466 (1986), yet the gross disproportionality between Van Sant's recovery and the fee requested is a factor we consider. We consider also counsel's frivolous arguments, excessive paperwork, inflated time claims, and his conduct which has unduly prolonged the litigation, but we disavow any attempt to be punitive. Finally we consider in the light of Van Sant's limited success, our estimate of the time and effort that should have reasonably been expended to accomplish that result.

PETITION DENIED.